# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

MIKE REDFORD,  )
 )
      Petitioner, )
 )
v. ) CIVIL ACTION NO. 5:19-CV-114 (MTT)
 )
SUPREME COURT OF GEORGIA, *et al.*, )
 )
      Respondents. )

## ORDER

United States Magistrate Judge Charles H. Weigle recommends denying Petitioner Mike Redford's petition for writ of *habeas corpus* for failure to follow the Court's order to file an appropriate 28 U.S.C. § 2254 form. *See generally* Doc. 9. Redford has objected. Doc. 10. Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the Recommendation *de novo*.

On March 26, 2019, Petitioner Mike Redford filed a pleading on a 28 U.S.C. § 2254 form. Doc. 1. On April 12, Redford moved to proceed *in forma pauperis*. Doc. 3. On May 2, Redford moved to convert the § 2254 petition to a 42 U.S.C. § 1983 complaint. Doc. 4. On May 24, he paid the $5.00 *habeas corpus* filing fee. On June 11, the Magistrate Judge ordered him to recast his complaint within 21 days and directed the Clerk to forward him a § 1983 complaint form and a § 2254 petition. Doc. 5. On July 12, instead of following the Magistrate Judge's order, Redford moved for immediate release from custody. Doc. 6. On July 31, the Magistrate Judge ordered him to show cause within 21 days why he failed to follow the Court's previous order. Doc. 7. On August 19, Redford filed a 22-page handwritten response addressing the

validity of his incarceration and the Respondents' duties and silence. Doc. 8. The response did not include a recast complaint or a *habeas corpus* petition on either provided form as ordered by the Magistrate Judge. *Id.* The response also did not explain why this action should not be dismissed for failing to comply with the Court's previous order. *Id.* On October 5, the Magistrate Judge recommended denying Redford's petition for failing to use the proper form as ordered. Doc. 9.

Redford has now filed an objection and has moved to recast his complaint. Docs. 10; 11. Redford states that the Recommendation is "well taken," alludes to a "gap in the communication" due to "intercept of mails," and moves to recast his petition. Doc. 10.[1] He does not explain why he failed to properly respond to the Magistrate Judge's previous orders. *Id.*

Redford has also filed a separate motion to recast his petition, filed the correct § 2254 form, and filed a separate document outlining additional claims to his recast petition. Docs. 11; 11-1. It appears Redford seeks to proceed with a *habeas corpus* petition and has abandoned any § 1983 claims he may have. Because Redford has had multiple opportunities to file a proper petition, that motion (Doc. 11) is **DENIED**.

Even if the Court were to review the recast petition, it is entirely deficient. First, in the space provided to name the "Respondent (authorized person having custody of petitioner)," Redford wrote "Supreme Court of Georgia."[2] Doc. 11-1 at 1. Second, Redford indicates he is incarcerated pursuant to a state court judgment and that he is challenging the legality of that judgment. *See generally* Doc. 11-1. However, Redford

---

[1] Redford's objection is identical to his objection in Redford v. State Bar of Georgia, ECF No. 5:19-cv-155-TES-CHW, Dkt. No. 10.

[2] "While Petitioner's failure to name the proper respondent alone is not grounds for dismissal, it is indicative of his continued failure to follow instructions." Redford v. State Bar of Georgia, ECF No. 5:19-cv-155-TES-CHW, Dkt. No. 14 at 4.

has not provided any information about that judgment, such as the court that entered the conviction or the date, despite instructions to do so.  *Id.*  Third, Redford has failed to provide any information regarding how he attempted to challenge his conviction in state courts and has thus failed to include the necessary information regarding exhaustion of his claims.  *Id.*  The Court cannot determine whether or how the petition should proceed without that information required by the instructions on the petition form.

Finally, rather than identifying the court that entered his judgment of conviction as required by the form, Redford simply states:  "Habeas corpus extradition challenge illegal custody for out-of-state abduction notwithstanding conviction."  *Id.*  The recast petition contains but one fact, as the majority of Redford's answers to the questions on the petition are simply "N/A."[3]  *See generally* Doc. 11-1.  When he does write something other than "N/A," he frequently mentions the "Criminal Extradition Act," even though the questions instruct him to "not argue or cite law.  Just state the specific facts that support your claim."[4]  *Id.* at 5, 7, 8, 15.  The only fact he provides is that he "was abducted from Pennsylvania to Georgia without criminal interstate extradition procedure."  *Id.* at 5.  However, he does not state what procedures were not followed,[5] and he does not include a clear and concise statement of facts explaining what actually happened or why he believes that he is entitled to relief against the Respondents based on any events that may have occurred.  While a *habeas corpus* proceeding may be an

---

[3] Redford's answers to the questions on the recast petition are nearly identical to those on the original petition.  *Compare* Doc. 1 *with* Doc. 11-1.

[4] This appears to be a common practice of the Petitioner in his similar habeas cases in this Court and others that were not dismissed on the merits—one of the causes for dismissal being that the Petitioner failed to provide sufficient facts, as is the case here.  *See, e.g.*, Dkt. Nos. 5:19-cv-279-MTT; 1:19-cv-70-LAG; 5:19-cv-98-TES.

[5] The Extradition Clause of the Constitution, Art. IV, § 2, cl. 2, and 18 U.S.C. § 3182 provide the rights for a criminal defendant in a state proceeding: (1) the right to a pre-extradition habeas corpus hearing; and (2) the right to be turned over to government agents, not a private extradition company.  O.C.G.A. § 17-13-27 provides the right to have a governor's warrant issued for his arrest.

appropriate way to challenge his extradition, the Court cannot grant *habeas* relief on the sole fact Redford provided. *See Afanasjev v. Hurlburt*, 418 F.3d 1159, 1162 (11th Cir. 2005).

Redford has now had numerous opportunities to file a proper petition. Due to his failure to follow the Court's orders, the Recommendation (Doc. 9) is **ADOPTED**. Accordingly, Redford's petition for a writ of *habeas corpus* (Docs. 1; 11) is **DISMISSED without prejudice**, his motion for immediate release (Doc. 6) is **DENIED**, and his motion to recast his complaint (Doc. 11) is **DENIED**.

## CERTIFICATE OF APPEALABILITY

Redford has also moved for leave to appeal *in forma pauperis*. Doc. 17. Before filing that motion, he filed what he styled as a notice of appeal. Doc. 14. It is not, however, a notice that he is appealing any order in this case. Rather, it is a notice of appeal in another case, Redford v. State Bar of Georgia, ECF No. 5:19-cv-155-TES-CHW. *Compare id. with* Redford v. State Bar of Georgia, ECF No. 5:19-cv-155-TES-CHW, Doc. 16. The notice of appeal was filed in that case, this case, and four other cases because, for some reason, Redford put the case number for all six cases in the caption of his notice. *See* Doc 14; Redford v. State Bar of Georgia, ECF No. 5:19-cv-155-TES-CHW, Doc. 16; Redford v. U.S. Dist. Ct. N. Dist. of Ga., ECF No. 5:19-cv-279-MTT-MSH, Doc. 9; Redford v. U.S. Dist. Ct. for the N. Dist. of Ga., ECF No. 5:19-cv-98-TES-CHW (not docketed); Redford v. Smith, ECF No. 1:19-cv-3881-MLB (not docketed); Exeltis USA, Inc. v. First Databank, Inc., ECF No. 1:19-cv-338-MHC (not docketed; Petitioner not a party). Even had the Petitioner attempted to appeal an order in this case, his notice would be premature and would not divest the Court of jurisdiction. *See United States v. Curry*, 760 F.2d 1079, 1080 (11th Cir. 1985).

A petitioner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal and must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

Pursuant to § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in this case, a petitioner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling;" and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Petitioner has not made these showings. Furthermore, it appears the Petitioner is simply providing notice that he appealed another case in this Court, Redford v. State Bar of Georgia, ECF No. 5:19-cv-155-TES-CHW. Doc. 14 (see case caption). Therefore, the Petitioner is **DENIED** a COA. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Accordingly, Redford's motion to proceed IFP on appeal (Doc. 17) is **DENIED**.

**SO ORDERED**, this 5th day of February, 2020.

                                                                   S/ Marc T. Treadwell
                                                                   MARC T. TREADWELL, JUDGE
                                                                   UNITED STATES DISTRICT COURT